UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
CASE NO.:

UNITED STATES OF AMERICA,

    Plaintiff,

vs.



CIV-SEITZ

MAGISTRATE JUDGE GARBER

DAVID H. PESKIN
    Defendant.
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $2629.66, plus interest on this principal amount computed at the rate of 8.00 percent per annum in the amount of $1572.59, plus interest thereafter on this principal from January 5, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.



4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $4202.25, plus interest at 8.00 percent per annum on the principal amount of $2629.66, from January 5, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 7 day of January, 2000.

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

By: *[signature]*
Mary F. Dooley
Assistant U.S. Attorney
Florida Bar No. [#]A5500282
99 N.E. 4th Street,
Suite 300
Miami, FL 33132
Tel No. 305-961-9377
Fax No. 305-530-7195

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

David H. Peskin
2501 S. Ocean Dr. Apt. 638
Hollywood, FL 33019
SSN: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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/16/99.

On or about 12/05/84, the borrower executed promissory note(s) to secure loan(s) of $2500.00 from Glendale Federal Savings and Loan Assn. at 8 percent interest per annum. This loan obligation was guaranteed by Florida Department of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 05/28/86, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2632.05 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 04/17/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $145.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 2629.66 |
| Interest: | $ 1420.43 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $0.00 |
| Total debt as of 04/16/99: | $ 4050.09 |

Interest accrues on the principal shown here at the rate of .58 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 1-20-99       Name: _____
                           Title: Loan Analyst
                           Branch: Litigation Branch

GOVERNMENT EXHIBIT A

| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION KNOTT BUILDING TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM (20 U.S.C. 1071-1087-2) PROMISSORY NOTE |
|---|---|
| BORROWER'S NAME AND ADDRESS: DAVID H PESKIN 353 W 47TH ST #80 MIAMI BCH    FL 33140 | LENDER'S NAME AND ADDRESS: GLENDALE FEDERAL SAVINGS AND LOAN ASSN. 301 E LAS OLAS BLVD. FORT LAUDERDALE    FL 33301 |

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | Amount Financed The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5.00 or $ of the payment, whichever is less. Prepayment: If you pay off early, you |
|---|---|---|
| Prior to repayment / During repayment  7.622 %  /  8.000 % | $ 2,356.32 | [ ] may  [X] will not  have to pay a penalty. [ ] may  [X] will not  be entitled to a refund of part of finance charge. See the promissory note for any additional information about n payment, default, any required repayment in full before the schedu date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 2,356.32        Amount Paid to

Loan Amount $ 2,500.00  Less: Prepaid Finance Charge $ 143.68  Less: Amount Paid To $ 3.75  Equals: $ 2,352
Includes:                             Others On Your Behalf:
Insurance Premium   $ 18.68            To: FLORIDA DEPT. OF REVENUE
                                       For: DOCUMENTARY STAMP TAX
Origination Fee     $ 125.00
              ( 5 % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE — INSURANCE PREMIUM | ORIGINATION FEE | AMOUNT FINANC |
|---|---|---|---|---|---|---|
|  | 12/10/84 | 2,500.00 | 3.75 | 18.68 | 125.00 | 2,356.3 |

ED-888 5/82

FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF $3.75 HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTIFICATE OF REGISTRATION 5901756111601 .

### PROMISE TO PAY

I, DAVID H PESKIN    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 , the borrower, promise to pay
(Name of Borrower)

~~GLENDALE FEDERAL SAVINGS AND LOAN ASSN.~~ , the lender, or to a subseque
(Name of Lender)

holder of this Promissory Note, all of the principal sum of $ 2,500.00 to the extent it is advanced to me, plus an amount equivalent to simple interest this sum at the rate of 8.000 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — includi attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collecti to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued intere

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**   If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I v pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the lc and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE**   If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed    5 percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct fr each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to refu to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than   06   months (the "grace period") after I either lea school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, duri the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, I following exceptions to these rules apply:

A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance, whichever is less, the total amount owing to all holders of my — or our — GSLP, Auxiliary and PLUS loans.
C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as a repayment schedule, the lender will provide to me before the repayment period begins.

**PREPAYMENT** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**DEFERMENT** Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in —
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am —
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary does not pay the interest on this loan, the lender may not attempt to collect this interest from me only, as I may choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period that I am under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES** If permitted by state law, the lender may collect from me a late charge if I fail to make an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER** Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. If such a transfer takes place, I have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and any holder of this Promissory Note is not a holder in due course.

**DEFAULT** If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH** If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION** If I default on this loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations.
If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address.
The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau.

**GENERAL** The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the Act (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

| David H. Peshin | 353 W 47 ST MIAMI BEACH FLA | 12/5/ |
|---|---|---|
| SIGNATURE OF BORROWER | ADDRESS | DATE |

| | | | |
|---|---|---|---|
| NAME OF CO-SIGNER* (print or type) | ADDRESS | | |

| | | | |
|---|---|---|---|
| SIGNATURE OF CO-SIGNER | | DATE | TELEPHONE |

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (8/82)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

DAVID H. PESKIN

CIV-SEITZ
MAGISTRATE JUDGE
BROWARD / GARBER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Broward / 00cv6042 / Seitz / Garber

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
MARY F. DOOLEY, AUSA    305-961-9377
99 NE 4TH ST, MIAMI FL  33132

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B[X] 152 Recovery of Defaulted Student Loans (Excl Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

PERSONAL INJURY
- ☐ 362 Personal Injury Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 RR & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl Ret Inc Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS—Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions
A OR B

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34 CFR 682.100(4)(d)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 4,202.25 plus interest & costs

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE 1/9/00    SIGNATURE OF ATTORNEY OF RECORD    MARY F. DOOLEY, AUSA

FOR OFFICE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___